# Mulford, Reeves & Co. *versus* Henry S. Shirk, Defendant, and Henry Shaffner, Garnishee.

A reservation in a deed of assignment for the benefit of creditors, of property to the amount of $300, such as is exempt from levy and sale by our Act of Assembly of April 9, 1849, will not avoid the deed.

ERROR to the Common Pleas of *Lancaster county*.

Henry S. Shirk was engaged in the mercantile business in Lancaster county, and in January, 1855, became insolvent. On the

[Mulford *v.* Shirk.]

20th of January, 1855, he and his wife executed a deed of voluntary assignment of all their estate to *Henry Shaffner*, in trust for the benefit of creditors; reserving, however, such property as is exempt from levy and sale by the Act of Assembly of 9th April, 1849, to the amount of $300. At the time of the execution of this assignment, Henry S. Shirk was indebted to the firm of Mulford, Reeves & Co., who, on the 3d of March, 1855, obtained a judgment against Henry S. Shirk for $1298.24; upon which judgment an execution attachment issued, and attached the assigned property in the hands of Henry Shaffner, garnishee. On the 22d of June, 1855, the court granted a rule on the garnishee to show cause why judgment should not be entered against him for the amount of plaintiff's judgment and costs.

The court afterwards discharged the rule.

The discharging of the rule to show cause, and not rendering judgment in favour of plaintiffs, was the only error assigned.

*Stevens* and *Brown*, for plaintiffs in error.—A stipulation in a conveyance for a benefit to the grantor at the expense of creditors, renders the conveyance void as to creditors : 6 *Binn.* 338; 12 *Ser. & R.* 201; *Rawle* 163; 2 *Penn. Rep.* 92; 3 *Penn. Rep.* 83.

*Long*, for defendants in error.—It is not every reservation in a deed of assignment that renders it void, *ipso facto :* 6 *Greenleaf* 395; 8 *Leigh* 272; 1 *Grattan* 275; 2 *Jones* 338.

The opinion of the court was delivered by

WOODWARD, J.—A debtor may make a voluntary assignment for the benefit of his creditors of his estate real or personal, or any part thereof, but he may not in and by the instrument of assignment create and reserve an interest for himself or his family. "The rule clearly deducible from the cases is," said ROGERS, J., in McClurg *v.* Leckey, 3 *Penn. Rep.* 91, "that no debtor can, *in an assignment*, make a reservation at the expense of his creditors of any part of his income or property for his own benefit; nor can he stipulate for any advantage to himself or family." The reason of the rule, or perhaps we might say the rule itself, is in the stat. 13 Eliz., which avoids all conveyances made with intent to delay, hinder, or defraud creditors.

But is a reservation of such property to the amount of $300, as is exempt from levy and sale by our Act of April 9, 1849, fatal to an assignment for the benefit of creditors? We think not; and that because such a reservation is not within the reason of the rule. Though expressed in the assignment, it is not created by it, but by the Act of Assembly, and it does not tend to delay or hinder creditors, because by law they never could appropriate this part of their debtors' estate. In all the adjudged cases the re-

[Mulford *v.* Shirk.]

served interest which has been held to avoid the assignment springs from the instrument itself, but in this case it is created by Act of Assembly and vested in the debtor, and the whole effect of the reservation is that he does not part with it. His creditors are not hindered by his keeping that which they had no right to touch. But it is argued that this rule of decision will enable debtors, under pretence of availing themselves of the exemption law, to retain out of their assignments more than $300 worth of their property.

This objection is purely abstract, for the exemption here as to its principal part must be paid by the assignee in money after the conversion of the real estate, and of course he will see that the debtor gets no more than the law allows him. But in every case where the assignment is of all the debtor's property, and the reservation is of $300 worth of it, the appraisers must necessarily fix the value of what he proposes to keep, else they cannot assess what the assignee is to account for. And if any creditor thinks he is allowed too much let him levy his execution, and have an appraisement by the sheriff.

Where, upon the face of an assignment, it should appear that but part of the debtor's estate was intended to pass, such a reservation would not perhaps be tolerated, for the presumption would seem reasonable that he had retained all that the law exempts, but where, as in the case before us, he gives up all but what the law restrains his creditors from selling, they have no reason to complain.

   The decree of the court, in discharging the rule to show cause, is affirmed.